| | |
|---|---|
| IN RE:     ROBERT LEON GRAHAM, JR. <br> NATASHA GAIL GRAHAM | CASE NO. 2:23-bk-70466 <br> CHAPTER 13 |
| STONE BANK | MOVANT |
| V. | |
| ROBERT LEON GRAHAM, JR.; <br> NATASHA GAIL GRAHAM; AND <br> JOYCE BRADLEY BABIN, <br> CHAPTER 13 STANDING TRUSTEE | RESPONDENTS |

## ORDER GRANTING RELIEF FROM STAY AND ABANDONMENT

Now pending before this Court is the Motion for Relief from Stay and For Abandonment (Doc.10) (the "**Motion**") filed herein by Stone Bank (the "**Bank**"), and the Response to Motion for Relief from Automatic Stay (Doc. 12) (the "**Response**") filed by Debtors Robert Leon Graham, Jr. or Natasha Gail Graham (collectively, "**Debtors**"). After full and due consideration of the pleadings and exhibits herein; the failure of Joyce Bradley Babin, Chapter 13 Standing Trustee ("**Trustee**"), or any other person to file an objection to the Motion in the time and manner required by Order On and Notice of Opportunity to Object to Motion for Relief from Stay and/or Abandonment (Doc. 13) other than the Response; agreement by the Bank, Debtors, and the Trustee for entry of this Order; and other matters of proof and law, this Court **FINDS** and **ORDERS** as follows:

1.     The Motion is granted in part as set forth herein with respect to the "Surrendered Property" defined below. With this Order and the Order (Doc 32), the Motion has been granted in its entirety for all property set forth in the Motion.

2. The automatic stay provisions of 11 U.S.C. § 362 are lifted and relaxed as to the following property of Debtors:

(a) the following real estate located in Franklin County, Arkansas:

Part of Lot 7, Mountain View Meadows being part of the Southwest Quarter of the Northeast Quarter of Section 20, Township 10 North, Range 28 West, Franklin County, Arkansas being more particularly described as follows: Beginning at an existing rebar marking the Southwest Corner of Lot 7, Mountain View Meadows, said part being the Southwest Corner of the Southwest Quarter of the Northeast Quarter. Thence along the West line of said Lot 7 and along the West line of said Forty, North 01 degree 07 minutes 19 seconds East, 101.60 feet to a set rebar with cap. Thence leaving said West Line, South 89 degrees 00 minutes 51 seconds East 858.83 feet to a set rebar with cap on the East line of Lot 7, Mountain View Meadows. Thence along the East line of said Lot 7, South 02 degrees 38 minutes 19 seconds West, 101.64 feet to an existing rebar marking the Southeast Corner of said Lot 7. Thence along the South line of said Lot 7, North 89 degrees 00 minutes 51 seconds West, 856.14 feet to the Point of Beginning. Subject to Easements, Rights of Way and Covenants of record. Subject to Restrictions of record and Reservations and Conveyances of Oil, Gas and Other Minerals.

(collectively, the "**Surrendered Real Estate**.")

(b) the following leases and rents:

(i) all existing and future leases, subleases, licenses, guaranties, and any other written or verbal agreement for the use and occupancy of the Surrendered Real Estate, including, but not limited to, extensions, renewals, modifications, and replacements; and

(ii) all rents, issues, and profits regarding the Surrendered Real Estate, including, but not limited to, security deposits, minimum rents, percentage rents, additional rents, common area maintenance charges, parking charges, real estate taxes, other applicable taxes, insurance premium contributions, liquidated damages following default, cancellation premiums, "loss of rents" insurance, guest receipts, revenues, royalties, proceeds, bonuses, accounts, contract rights, general intangibles, and all other rights and claims which Debtors may have regarding the Surrendered Real Estate;

3. All of the property described in Paragraph 2 above is referred to herein collectively as the "**Surrendered Property**."

4. Further, the automatic stay provisions of 11 U.S.C. § 362 are lifted and relaxed as to Debtors to the extent necessary for the Bank to proceed against the Surrendered Property.

5. The Bank is released and allowed to pursue its lawful remedies against the Surrendered Property and Debtors' rights, title, claims, and interests in and to the Surrendered Property, including, without limitation, the continuation and/or filing of any foreclosure action or the pursuit of any other appropriate legal or equitable action necessary to enforce the Bank's liens, security interests, and rights against the Surrendered Property, provided that the Bank shall account for and remit to the Trustee any surplus over the balance which may be realized upon liquidation of the Surrendered Property.

6. As to any claim of deficiency existing after liquidation of the Surrendered Property, the automatic stay shall continue in effect, and the Bank may file proof(s) of claim or amendment(s) to any previously filed proof(s) of claim in the amount of its deficiency.

7. Except as affected by this Order or other Orders of this Court, the provisions of 11 U.S.C. § 362 remain in full force and effect as to Debtor and the remaining property of the estate.

8. The Surrendered Property is burdensome to the estate or of inconsequential value and benefit to the estate. Accordingly, the interests of Debtors and the Trustee in the Surrendered Property are hereby abandoned in accordance with 11 U.S.C. § 554. Upon entry of this Order, the Surrendered Property is no longer part of Debtors' bankruptcy estate.

9. The provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure do not apply to this Order or to the Bank in connection with the relief granted in this Order.

**IT IS SO ORDERED.**

Honorable Bianca M. Rucker
United States Bankruptcy Judge
Dated: 09/11/2023

CC: Attorney for Debtor(s)
     Debtor(s)
     Trustee
     Attorney for Creditor(s)

**APPROVED BY:**

**HOPKINS CASTSTEEL PLC**
Attorneys at Law
1000 West Second
Little Rock, Arkansas 72201
www.hopkinslawfirm.com
Telephone: (501) 375-1517
Facsimile:  (501) 375-0231
Email: rcaststeel@hopkinslawfirm.com

**By:** /s/ Ryan J. Caststeel
      **Ryan J. Caststeel**
      Arkansas Bar No. 2007212
      *Attorneys for Stone Bank*


/s/ Joel Hargis (added with permission)
Joel Hargis,
Attorney for Debtors


/s/ Brad Chafin, Staff Attorney (added with permission)
Joyce Bradley Babin,
Chapter 13 Standing Trustee